able. *See United States v. Carty*, 520 F.3d 984, 992 (9th Cir.2008) (en banc).

**AFFIRMED.**

**UNITED STATES of America, Plaintiff–Appellee,**

v.

**JUVENILE MALE, Defendant–Appellant.**

**No. 07–10450.**

United States Court of Appeals, Ninth Circuit.

Argued and Submitted May 16, 2008.

Filed July 1, 2008.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Before: B. FLETCHER and RYMER, Circuit Judges, and DUFFY,* Senior District Judge.

## MEMORANDUM **

Juvenile Male appeals the order of the district court dismissing his motion to reopen his transfer hearing. We have jurisdiction under 28 U.S.C. § 1291, and affirm.

* The Honorable Kevin Thomas Duffy, Senior United States District Judge for the Southern District of New York, sitting by designation.

■ At the outset, we decline the government's invitation to apply the law of the case doctrine. Although we upheld the district court's original ruling in Juvenile Male's previous appeal, that decision was based on the record as it then existed. This appeal raises new and different issues that could not have been raised before.

■ Juvenile Male argues that the district court abused its discretion in denying his motion to reopen for a number of reasons, all of which turn on whether the court could determine, after excising Hunt's testimony, that transfer under 18 U.S.C. § 5032 was nevertheless warranted given the remaining evidence. We find that the court acted within its discretion. The same judge who ruled on the government's original request to transfer heard and ruled on Juvenile Male's motion to reopen. *Cf. Mesarosh v. United States*, 352 U.S. 1, 12–14, 77 S.Ct. 1, 1 L.Ed.2d 1 (1956) (granting new trial where it would be impossible to bring the question before the same jury). Although in form the court denied the motion to reopen, in substance it reconsidered its previous order by taking new evidence, reviewing the transcripts of evidentiary hearings conducted in connection with the original application, and revisiting whether its transfer order should continue to stand. Having done so, the court found that Hunt's testimony was in fact perjurious, but concluded that its earlier transfer judgment remained sound even when this evidence was excluded. We cannot fault this conclusion, as it is based on evidence from percipient witnesses other than Hunt who established the critical facts favoring transfer, including that Juvenile Male belonged to two gangs, one of which he founded; that he had made

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**418**

threatening statements about a rival gang member, with whom his gangs were engaged in a turf battle, and who had disrespected him; that he had participated in a meeting before the shooting to plan an ambush to kill this person; that he had a gun; and that he was seen fleeing the scene after shots were fired.

While Juvenile Male argues that by denying the motion to reopen the court denied him the opportunity to address the transfer factors in § 5032 in light of Hunt's perjury, we conclude, based on the evidence from other witnesses about Juvenile Male's involvement in the killing, that the court did not abuse its discretion in denying the motion.[1]

AFFIRMED.

---

1. In so holding, we express no opinion on any question other than the one before us, whether the transfer proceeding should have been reopened.

